Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com

[Proposed] Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**DOYLE D. HEATON and<br>MARY K. HEATON,**<br><br>　　　　　Debtors. | Case No.: 10-40297<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY<br>PACHULSKI STANG ZIEHL & JONES<br>LLP AS GENERAL BANKRUPTCY<br>COUNSEL TO THE DEBTORS**<br><br>[No Hearing Required] |

Doyle D. Heaton and Mary K. Heaton, a married couple (together, the "Debtors"), submit this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel, effective as of the commencement of this case. The Firm is located at 150 California Street, 15th Floor, San Francisco, California 94111-4500. This Application is brought pursuant to sections 327(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# I.
# STATEMENT OF FACTS

A. **Description and History of the Debtors**

On January 11, 2010 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued in possession of their properties and the management of their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Doyle Heaton has been involved in the development of residential housing in the San Francisco Bay Area for more than 40 years. At various times, he has been Chairman of the Building Industry Association of Northern California (the "BIA") and Chairman of the BIA Builders for Affordable Housing Committee. In 2001, Mr. Heaton was inducted into the Builders Hall of Fame by the BIA. Mr. Heaton is actively involved in a number of civic organizations, including the local Chamber of Commerce and the De La Salle High School Board of Regents.

Mr. Heaton founded Delco Builders and Developers, Inc. ("Delco Builders") as a California corporation in 1977 to develop land, build homes and market single-family residential developments located in Northern California. During the past 15 years, the Delco Builders' family of companies has developed or built over 1,000 new homes and residential lots throughout the Bay Area. Delco Builders is not a debtor in these proceedings.

Mary Heaton is a part-time aerobics instructor and occasionally works in an antiques market.

B. **Events Leading to Chapter 11 Filing**

　　1.　**Downturn in the Homebuilding Industry**

The homebuilding industry in the United States has experienced a significant and sustained decrease in demand and an oversupply of new and existing homes available for sale. The negative impact of these demand and supply trends was compounded by recent difficulties in the mortgage and overall credit markets and the rising trend of mortgage defaults, especially in the subprime market. Those difficulties have harmed developers and homebuilders by further increasing the supply of housing inventory, negatively impacting pricing conditions, decreasing the demand for homes, and dampening customer confidence. Beginning around mid-2007, the majority of

residential homebuilders nationwide began to experience a significant decrease in their home sales and operating results. The market deterioration has been particularly sudden and steep in California.

### 2. Negative Impact on Delco Builders

Delco Builders has been adversely affected by the severe downturn in the residential housing market. The over-supply of new residential development, coupled with the national "sub-prime" problem, created a depressed market for residential housing assets. As a result, Delco Builders' core business of building and selling new homes became highly unprofitable. Access to traditional debt and equity markets for builders and developers also disappeared. This situation has left Delco Builders with no viable market to sell its considerable land inventory in order to generate cash flow and repay lenders, and no opportunities to refinance its existing loans to extend maturity dates and replenish interest reserves.

Mr. Heaton has used his personal resources to keep Delco Builders and its development projects afloat over the past few years and he now has limited liquidity. Mr. Heaton estimates that, as of December 31, 2007, his net worth was approximately $41 million. One year later, Mr. Heaton's December 31, 2008 statement of financial condition reflects that his net worth was approximately $11 million (based on a settlement agreement with Wells Fargo Bank that was then pending and actually executed in April 2009). As of the Petition Date, Mr. Heaton estimates that he has substantial negative net worth.

Given the precarious financial condition of Delco Builders, Mr. Heaton (along with other investors) created a new company, DRG Builders, Inc. ("DRG"), in November 2008 to manage various ongoing real estate developments. DRG is not a debtor in these proceedings.

### 3. The Debtors' Financial Status

Mr. Heaton has personally guaranteed a number of the loans owing on real estate projects owned through affiliated development entities. A number of these loans are currently in default and Mr. Heaton's guarantee obligations thereunder have been triggered. The Debtors also have other outstanding borrowings that may be due and owing to third party creditors. In sum, the Debtors estimate that their outstanding debt could potentially total within the range of $100 million to $125 million. However, the Debtors expect this amount to be significantly reduced by the proceeds of real

estate assets owned by affiliated non-debtor entities that are the primary obligors on the Debtors' guarantee obligations. The Debtors' largest creditor by far is Wells Fargo Bank with a potential claim approaching $64 million.

The Debtors have limited liquid assets to satisfy outstanding claims. As of the Petition Date, the Debtors, either directly or through various self-settled trusts, have approximately $1.4 million in cash.[1] The Debtors also have interests in various real estate development entities and single-family residential rental properties. The Debtors believe that most of these interests are "underwater" in that the amount of the outstanding secured debt exceeds the present value of these assets. One exception is Mr. Heaton's interest in an entity called Clover DHDA, LLC, in which Mr. Heaton has a 29.958% membership interest. The Debtors expect that this interest could generate up to $4.0 million in distributions over a period of two to three years.

**4.     Attempts to Reorganize**

The Debtors have been proactive over the past 15 months in an effort to reorganize outside of bankruptcy with the support of their creditor constituents. The Debtors have taken major steps to: (1) downsize and reduce overhead at Delco Builders and DRG, (2) renegotiate debt with lenders and vendors, and (3) develop a revised marketing program to sell standing inventory of completed homes.

Over the past twelve months, Delco Builders has sold nearly 40 of its 50 inventory homes and repaid a significant amount of secured debt on its active development projects. In addition, as mentioned above, Mr. Heaton entered into a settlement agreement with Wells Fargo Bank in April 2009 to address his exposure on various personal guarantees. By May 2009, Mr. Heaton had successfully restructured and modified over $100 million of secured and unsecured loans (including his debts to Wells Fargo Bank).

However, given the continuing decline of the California real estate market, the Debtors' equity deficiencies in various real estate projects increased significantly. In October 2009, the Debtors developed a collateral and asset liquidation plan in an effort to maximize recoveries for

---

[1] The trusts mentioned above and the assets of such trusts do not constitute property of the Debtors' estate, but are noted here for disclosure purposes only.

creditors informally outside of bankruptcy. The vast majority of the Debtors' creditors were in favor of the plan, but a few creditors were unwilling to participate and elected to pursue the litigation route.

### 5. The Debtors' Bankruptcy Filing

The Debtors' bankruptcy filing was necessitated by the filing of four lawsuits against Mr. Heaton, concurrent with an effort to attach his personal assets.

The Debtors commenced this bankruptcy case in order to prevent and avoid the potential attachment of their property to the detriment of the Debtors and their creditors, and to pursue a reorganization strategy that would maximize recoveries for all constituents.

The Debtors intend to file a plan of reorganization shortly that they expect will have the support of Wells Fargo Bank and the majority of their creditors.

## II.

## THE COURT SHOULD AUTHORIZE THE DEBTORS TO RETAIN THE FIRM AS GENERAL BANKRUPTCY COUNSEL

### A. The Firm is Well-Qualified to Represent the Debtors

The Debtors seek authority to retain the Firm, at the expense of the estate, to provide the legal services that will be required to guide this chapter 11 case. The Debtors desire to retain the Firm because of its expertise in the areas of insolvency, business reorganizations, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to a wide range of debtors in various industries. In addition, the Firm has served as counsel to the unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers, and investors in both in and out-of-court restructurings. A copy of the qualifications of the attorneys in the Firm is attached hereto as **Exhibit A**. The Firm's depth of experience in the areas of insolvency, business reorganizations, and debtor/creditor matters makes it qualified to represent the Debtors. Therefore, the Debtors believe that the Firm's retention is in the best interests of their bankruptcy estate.

**B.     The Legal Services to be Provided by the Firm for the Debtors**

The Firm's services are necessary to enable the Debtors to faithfully execute their duties as debtors in possession. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to the Debtors:

   a.     to assist, advise, and represent the Debtors in their consultations with creditors regarding the administration of this case;

   b.     to assist, advise, and represent the Debtors in any manner relevant to a review of the Debtors' leases and other contractual obligations, and asset dispositions;

   c.     to assist, advise, and represent the Debtors in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtors;

   d.     to assist, advise, and represent the Debtors in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

   e.     to assist, advise, and represent the Debtors in the performance of their duties and the exercise of their powers under the Bankruptcy Code, the Bankruptcy Rules, and any applicable local rules and guidelines; and

   f.     to provide such other necessary advice and services as the Debtors may require in connection with this chapter 11 case.

The Firm commenced rendering prepetition services to the Debtors on or about October 7, 2009. A copy of the Firm's current retention agreement with the Debtors is attached hereto as **Exhibit B**.

**C.     Compensation of the Firm by the Debtors and Other Disclosures**

The Firm initially received a pre-petition retainer from the Debtors in the amount of $150,000, which was subsequently increased to $200,000 (the "Retainer") for services rendered and to be rendered by the Firm. Prior to the commencement of this case, the Firm applied $111,612.10 of the Retainer against fees and expenses incurred, or estimated to be incurred, by the Firm as of the Petition Date. As a result, there are no amounts owed to the Firm as of the Petition Date. The Firm also continues to hold the remainder of the Retainer in the amount of $88,387.90 for services to be rendered and expenses incurred from and after the Petition Date.

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel and associates of the Firm.

Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The attorneys, and paralegal, currently expected to be principally responsible for this matter, and their respective current hourly rates, are as follows: Attorneys Debra I. Grassgreen ($775), Maxim B. Litvak ($650), and Paralegal Patricia J. Jeffries ($235). These rates are subject to generally applicable increases as put into effect from time to time by the Firm.

The Firm categorizes its billing into subject matter categories in compliance with *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* promulgated by the United States Bankruptcy Court for the Northern District of California (the "Fee Guidelines"). The Firm understands that its compensation in these cases is subject to approval of this Court, after notice and a hearing, in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, the UST Guidelines, and the Fee Guidelines, as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code. The Firm may seek interim compensation during the cases as permitted by section 331 of the Bankruptcy Code.

To the best of the Debtors' knowledge, and based upon and except as set forth in the *Declaration of Maxim B. Litvak in Support of Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel to the Debtors* (the "Litvak Declaration"), filed concurrently herewith, neither the Firm, nor any of its partners, of counsel, or associates has any connection with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtors. In addition, the Firm does not employ any person that is related to a judge of this Court or the United States Trustee for Region 17.

To the best of the Debtors' knowledge and based on the Litvak Declaration, neither the Firm, nor any of its partners, of counsel, or associates represent any interest adverse to the Debtors or the

1  estate, except as described in the Litvak Declaration.

2  To the best of the Debtors' knowledge and based on the Litvak Declaration, the Firm is a
3  disinterested person under applicable sections of the Bankruptcy Code.

4  **WHEREFORE**, the Debtors respectfully request that this Court approve the employment of
5  Pachulski Stang Ziehl & Jones LLP as their general bankruptcy counsel, effective as of the Petition
6  Date, under section 327(a) of the Bankruptcy Code to render the services described above and with
7  compensation to be paid in accordance with sections 330(a) and 331 of the Bankruptcy Code as an
8  expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code in such
9  amounts and at such times as this Court may hereafter determine and allow.

[signature page follows]

Dated: January 12, 2010

By  */s/ Doyle D. Heaton*
Doyle D. Heaton

Dated: January 12, 2010

By  */s/ Mary K. Heaton*
Mary K. Heaton

Respectfully submitted by:

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Maxim B. Litvak*
Debra I. Grassgreen
Maxim B. Litvak
[Proposed] Attorneys for Debtors
and Debtors in Possession