Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com

[Proposed] Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re:

**DOYLE D. HEATON and
MARY K. HEATON,**

Debtors.

Case No.: 10-40297

Chapter 11

**DECLARATION OF MAXIM B. LITVAK IN SUPPORT OF APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS**

[No Hearing Required]

I, Maxim B. Litvak, declare and state as follows:

1. I am an attorney duly admitted to practice law in the State of California.

2. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP (the "Firm"). I make this declaration in support of the *Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel to the Debtors* (the "Application").

3. As set forth in the Application, the Firm is proposed general bankruptcy counsel for Doyle D. Heaton and Mary K. Heaton, a married couple (together, the "Debtors"). All partners, of counsel, and associates of the Firm that will be working on these cases are duly admitted and licensed to practice in the State of California and before this Court.

4. The name, address, telephone number, and facsimile number of the Firm is as follows:

> Pachulski Stang Ziehl & Jones LLP
> 150 California Street, 15th Floor
> San Francisco, California 94111-4500
> Telephone: (415) 263-7000
> Facsimile: (415) 263-7010

5. The Firm is experienced in the areas of insolvency, business reorganizations, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to a wide range of debtors in various industries. In addition, the Firm has served as counsel to the unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers, and investors in both in and out-of-court restructurings. A copy of the qualifications of the attorneys in the Firm is attached to the Application as Exhibit A.

6. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to the Debtors:

   a. to assist, advise, and represent the Debtors in their consultations with creditors regarding the administration of this case;

   b. to assist, advise, and represent the Debtors in any manner relevant to a review of the Debtors' leases and other contractual obligations, and asset dispositions;

   c. to assist, advise, and represent the Debtors in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtors;

   d. to assist, advise, and represent the Debtors in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

   e. to assist, advise, and represent the Debtors in the performance of their duties and the exercise of their powers under the Bankruptcy Code, the Bankruptcy Rules, and any applicable rules and guidelines; and

   f. to provide such other necessary advice and services as the Debtors may require in connection with this chapter 11 case.

7. The Firm commenced rendering prepetition services to the Debtors on or about October 7, 2009. A copy of the Firm's current retention agreement with the Debtors is attached to the Application as Exhibit B.

8. The Firm initially received a pre-petition retainer from the Debtors in the amount of $150,000, which was subsequently increased to $200,000 (the "Retainer") for services rendered and to be rendered by the Firm. Prior to the commencement of this case, the Firm applied $111,612.10 of the Retainer against fees and expenses incurred, or estimated to be incurred, by the Firm as of the Petition Date. As a result, there are no amounts owed to the Firm as of the Petition Date. The Firm also continues to hold the remainder of the Retainer in the amount of $88,387.90 for services to be rendered and expenses incurred from and after the Petition Date.

9. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel and associates of the Firm.

10. Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The attorneys, and paralegal, currently expected to be principally responsible for this matter, and their respective current hourly rates, are as follows: myself ($650), Attorney Debra I. Grassgreen ($775), and Paralegal Patricia J. Jeffries ($235). These rates are subject to generally applicable increases as put into effect from time to time by the Firm.

11. The Firm categorizes its billing into subject matter categories in compliance with *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* promulgated by the United States Bankruptcy Court for the Northern District of California (the "Fee Guidelines"). The Firm understands that its compensation in these cases is subject to approval of this Court, after notice and a hearing, in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, the UST Guidelines, and the Fee Guidelines, as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code. The Firm may seek interim compensation during the cases as permitted by section 331 of the Bankruptcy

53604-001\DOCS_SF:69460.1    3    DECLARATION OF MAXIM B. LITVAK IN SUPPORT OF APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP

Case: 10-40297    Doc# 5-3    Filed: 01/12/10    Entered: 01/12/10 15:43:00    Page 3 of 6

Code.

12. The Firm has made the following investigation prior to submitting this verified statement. The Firm has undertaken a thorough review of its computerized database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter into that database pertinent information regarding new clients or new matters. Thus, a review of the database should reveal any and all actual or potential conflicts of interest with respect to a potential representation.

13. The Firm has run the following parties through its conflict system: (a) the Debtors; (b) the parties set forth in the list of the twenty largest creditors of the Debtors, and (c) parties asserting a lien on assets of the Debtors of which the Debtors and the Firm are aware. The Firm's investigation has not revealed any actual or potential conflicts of interest with respect to the Firm's proposed representation of the Debtors, but reflects the following connections:

(a) The Firm has in the past represented creditor Wells Fargo Bank on matters unrelated to the Debtors or this case, but has no ongoing representations.

(b) Wells Fargo Bank is represented in this case by the law firm of Jones Day. Certain of the partners and employees of Jones Day were formerly affiliated with the law firm of Heller Ehrman, which is currently the subject of a pending bankruptcy case in San Francisco. The Firm represents Heller Ehrman in its bankruptcy case and the Firm takes direction from a four-member Dissolution Committee that includes Peter Benvenutti, an attorney at Jones Day who was formerly affiliated with Heller Ehrman.

(c) Mr. Heaton is co-owner of certain business entities with Clement Carinalli and/or his wife. Mr. and Mrs. Carinalli are the subject of a pending joint bankruptcy case in Santa Rosa, California. The Firm represents the Official Committee of Unsecured Creditors in the Carinalli bankruptcy case. The Firm will not perform any services for Mr. Heaton in connection with any entities in which Mr. or Mrs. Carinalli assert an interest. The Debtors' proposed financial advisor, Steven T. Huntley of the firm Huntley, Mullaney, Spargo & Sullivan, previously

represented Mr. Carinalli prior to the commencement of Mr. Carinalli's bankruptcy case.

    (d)  The Firm has in the past represented, and continues to represent, creditor committees unrelated to the Debtors on which creditor AICCO has served, or continues to serve, as a member.

    (e)  Certain creditors in the Debtors' case may have been, and may continue to be, creditors or parties-in-interest in matters unrelated to the Debtors in which PSZ&J acted, or continues to act, as counsel.

  14.  The Firm is not a creditor or an insider of the Debtors.

  15.  Neither the Firm, nor any associate, of counsel, or partner of the Firm, is or was, within two (2) years before the date of the filing of the petitions herein, an employee of the Debtors.

  16.  Neither the Firm, nor any associate, of counsel, or partner of the Firm, has an interest materially adverse to the interests of the Debtors, their estate, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

  17.  To the best of my knowledge, except as disclosed herein, no attorney at the Firm has any connection with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the Office of the United States Trustee, or any insider of the Debtors except as described above.

  18.  The Firm does not employ any person that is related to a judge of this Court or the United States Trustee for Region 17. Each attorney at the Firm is familiar with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and the Fee Guidelines and will comply with them.

  19.  To the best of my knowledge, after conducting or supervising the investigation described above, I believe that the Firm is eligible for employment by the Debtors pursuant to Bankruptcy Code section 327(a).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January 2010, at San Francisco, California.

*/s/ Maxim B. Litvak*
*Maxim B. Litvak*