| | |
|---|---|
| SCHEER LAW GROUP, LLP<br>SPENCER P. SCHEER #107750<br>JOSHUA L. SCHEER #242722<br>REILLY D. WILKINSON #250086<br>JONATHAN SEIGEL #168224<br>155 Redwood Drive, Suite 100<br>San Rafael, CA 94903<br>Telephone: (415) 491-8900<br>Facsimile: (415) 491-8910<br>M.030-006S<br><br>ATTORNEYS FOR SECURED CREDITOR<br>CV ANTHONY II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ITS ASSIGNEES AND/OR SUCCESSORS | |

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>DOYLE D. HEATON AND MARY K. HEATON,<br><br>    Debtors.<br><br>―――――――――――――――――<br><br>CV ANTHONY II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ITS ASSIGNEES AND/OR SUCCESSORS<br><br>    Plaintiff<br><br>DOYLE D. HEATON AND MARY K. HEATON,<br><br>    Defendants | Bk. No. 10-40297 - EDJ<br><br>R.S. No. SPS-81<br><br>Chapter 11<br><br>**DECLARATION OF STEVEN A. SIMONTACCHI IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |

I, Steven A. Simontacchi, declare:

    1.    I am an attorney licensed in the State of California and represent plaintiff CV ANTHONY II, LLC ("CV Anthony") in the action of *CV Anthony II, LLC v. Heaton* filed in the Marin County Superior Court, Case No. CIV 095267 ("State Action"). The following matters

are based upon my personal knowledge, except as to those matters alleged on information and belief and as to those matters I believe them to be true, and I would and could competently testify to the facts alleged herein.

2. On October 16, 2009, I caused to be filed a "Complaint for Damages for Breach of Contract, Fraud in the Inducement, Rescission, Intentional Misrepresentation, Breach of Fiduciary Duty, Conversion, Constructive Trust, and Accounting" ("State Action Complaint") against Doyle Heaton. A true and correct copy of the Complaint is attached hereto as Exhibit A. In sum, the State Action Complaint alleges:

(a) fraud, conversion and breach of fiduciary duty by Doyle Heaton in connection with a real estate development project resulting in damages of a then-estimated approximate $2.2 million dollars [see, ¶5 - ¶8, and ¶37 - ¶52 of State Action Complaint];

(b) that Doyle Heaton acknowledged CV Anthony's then-estimated approximate $2.2 million dollars being misappropriated from CV Anthony [see, ¶8 of State Action Complaint];

(c) that Doyle Heaton fraudulently induced CV Anthony to enter into a Settlement Agreement [see, ¶9 - ¶12 and ¶29 - ¶35 of State Action Complaint]; and

(d) that the necessary terms and pre-condition for the release in the Settlement Agreement to take effect did not occur [see, page 3, ¶10, lines 26 – 28, page 4, lines 1 – 2; and ¶20 of State Action Complaint].

3. On October 20, 2009, I appeared *ex parte* in the State Action and sought and obtained an "Ex Parte Right to Attach Order and Order for Issuance of Writ of Attachment" ("Attachment"). A true and correct copy of the Attachment is attached hereto as Exhibit B. A true and correct copy of the transcript from the ex parte hearing is attached hereto as Exhibit C. Most notably, among other things, the Court stated:

> "…particularly, I think that the showing that the plaintiff has made, just based on its dealings with Mr. Heaton, is sufficient to show, I think, some dishonesty and lack of candor in business dealings because that's the whole basis for the parties' having entered into a settlement agreement to start off with." [See, page 8, lines 1 – 6]

4. On October 20, 2009, I caused to be issued Writs of Attachment in Marin County and Contra Costa County. On October 26, 2009, I caused to be issued a Writ of Attachment in Alameda County. True and correct copies of the foregoing Writs of Attachment are attached hereto as Exhibit D.

5. Doyle Heaton filed a demurrer to the complaint which was heard on December 28, 2009. A true and correct copy of Doyle Heaton's moving papers are attached hereto as Exhibit E. In sum, the demurrer argued that:

(a) the Settlement Agreement barred the non-contract claims (fraud, breach of fiduciary duty, conversion and constructive trust);

(b) CV Anthony failed to sufficiently plead fraud in the inducement in entering into the Settlement Agreement; and

(c) the non-contract claims (fraud, breach of fiduciary duty, conversion and constructive trust) were barred by the election of remedies doctrine due to CV Anthony obtaining an Attachment on the breach of contract claims.

6. I caused to be filed an opposition to Doyle Heaton's demurrer. A true and correct copy of CV Anthony II, LLC's opposition to the demurrer is attached hereto as Exhibit F. In sum, the opposition argued that:

(a) the necessary terms and pre-condition for the release in the Settlement Agreement to take effect did not occur (i.e, failure of payment on note; and failure to wind up affairs of the entity owning the underlying development project, filing a 2008 tax return, and providing a K-1, as required by the Settlement Agreement for the release to take effect);

(b) fraud in the inducement was sufficiently plead; and

(c) the election of remedies doctrine was not applicable.

7. On December 28, 2009, the Court issued an "Order Overruling Demurrer" ("Order"). A true and correct copy of the Order is attached hereto as Exhibit G. As stated in the Order, the Court ruled that the mutual release and waiver in the Settlement Agreement did not bar the non-contract claims (fraud, breach of fiduciary duty, conversion and constructive trust) and that:

> "Contrary to defendant's contention, plaintiff may seek to void the release for the reasons alleged in the third and fourth causes of action[1]. If the release is invalid, plaintiff would not be estopped from alleging claims to recover the funds allegedly misappropriated by defendant under the theories alleged in the fifth, sixth, seventh, eighth and ninth causes of action" (footnote 1 added)

The court also ruled that: (1) "Plaintiff has pleaded specific facts detailing the false representation made to plaintiff and defendant's lack of intent to fully perform the settlement agreement…"; and (2) the election of remedies doctrine was not applicable.

---

[1] Third cause of action is for fraud in the inducement. Fourth cause of action is for rescission based upon fraud.

8. On January 21, 2010, I caused to be filed in the State Action three Doe Amendments naming as Does 1 through 3 the following three entities which are not debtors in the this bankruptcy action: (1) Mardel LLC, a California limited liability company ("Mardel"); (2) Delco Builders and Developers, Inc., a California corporation ("Delco"); and (3) DRG Builders, Inc., a California corporation ("DRG"). True and correct copies of the foregoing Doe Amendments are attached hereto as Exhibit H.

9. Substantial effort, time and costs have been incurred in prosecuting the State Action prior to the automatic stay. Starting in early October 2006, CV Anthony has incurred attorneys fees and costs for the following: preparation and filing the Complaint; preparation and filing of ex parte application for an attachment and related moving papers which is an extremely time consuming endeavor as, among other things, it is involves a very detailed evidentiary process; investigating and proceeding with appropriate procedures in enforcement of the pre-judgment attachment which is also a very time consuming and expensive; and opposing Doyle Heaton's demurrer. CV Anthony has incurred approximately $27,000 in attorneys' fees and costs from early October 2009 through the date of the automatic stay in mid-January 2010, in connection with prosecuting the State Action.

10. There are separate and viable claims in the State Court against three entities (Mardel, Delco and possibly DRG). These entities are not debtors in the bankruptcy court. Forcing CV Anthony to proceed in two forums (against Doyle Heaton in the bankruptcy action, and against the three above entities in the State Action) would result in a multiplicity of actions arising out of similar claims, potential inconsistent rulings, unfair and inequitable increased costs to CV Anthony, and an inefficient use of judicial resources.

11. For all of the foregoing reasons, and based on the nature of the underlying fraud claims and the court's rulings obtained thus far in the State Action, I believe that it is in the best interests of justice that CV Anthony be granted a relief from stay so that it can proceed to prosecute its fraud claims in the State Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 17, 2010, in San Rafael, California.

/s/ Steven A. Simontacchi