Steven A. Simontacchi [#138948]
PHILLIPS, DOWNS & SIMONTACCHI LLP
55 Shaver Street, Suite 330
San Rafael, California 94901
Telephone: (415) 453-9999
Facsimile: (415) 453-6999

Attorneys for Plaintiff
CV ANTHONY II, LLC,
a California limited liability company

FILED
DEC 28 2009
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Hendryx, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

| | |
|---|---|
| CV ANTHONY II, LLC, a California limited liability company, | Case No.: CIV 095267 |
| | **ORDER OVERRULING DEMURRER** |
| Plaintiff, | Date: December 28, 2009<br>Dept: H<br>Time: 8:30 a.m. |
| vs. | **HONORABLE JOHN A. SUTRO, JR.** |
| DOYLE HEATON, and DOES 1-50, inclusive, | |
| Defendants. | |

Defendant Doyle Heaton's ("HEATON") Demurrer to plaintiff CV Anthony II, LLC's ("Plaintiff") Complaint came on regularly for hearing on Monday, December 28, 2009, at 8:30 a.m., in Department H of this Court. Having reviewed HEATON's Demurrer and supporting papers, Plaintiff's opposition thereto, and HEATON's reply thereto, the Court issued a tentative ruling (attached hereto as Exhibit A) overruling HEATON's demurrer.

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that:

1. The Court's tentative ruling (attached hereto as Exhibit A) is hereby adopted as the ruling of the Court, and HEATON's demurrer to the Third through Ninth Causes of Action is overruled.

2. ~~Pursuant to California Rules of Court, Rule 3.1320,~~ HEATON has ~~10 days from~~ *to and including Jan. 19, 2010* *within which* ~~notice of this Order~~ to file a response to the Complaint.

DATED: December 28, 2009

~~JOHN A. SUTRO, JR.~~
JUDGE OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF MARIN

DATE: 12/28/09   TIME: 8:30 A.M.   DEPT: H   CASE NO: CV095267

PRESIDING: HON. JOHN A. SUTRO, JR.

REPORTER: CHRISTINA GILSON            CLERK: KATHY BECK

| PLAINTIFF: | CV ANTHONY II, LLC | |
|---|---|---|
| | vs. | |
| DEFENDANT: | DOYLE HEATON | |

NATURE OF PROCEEDINGS: HEARING ON DEMURRER – TO COMPLAINT [DEFT] DOYLE HEATON

RULING

THE DEMURRER TO CAUSES OF ACTION 3-9 IS OVERRULED.

1. THESE CAUSES OF ACTION ARE NOT BARRED BY THE MUTUAL RELEASE AND WAIVER PROVISION IN THE PARTIES' SETTLEMENT AGREEMENT. A WRITTEN RELEASE GENERALLY EXTINGUISHES ANY OBLIGATION COVERED BY ITS TERMS, PROVIDED IT HAS NOT BEEN OBTAINED BY FRAUD, DECEPTION, MISREPRESENTATION, DURESS OR UNDUE INFLUENCE. (*SKRBINA V. FLEMING COMPANIES* (1996) 45 CAL.APP.4TH 1353, 1366; SEE ALSO *WINET V. PRICE* (1992) 4 CAL.APP.4TH 1159, 1169, N. 6 [COMPREHENSIVE GENERAL RELEASE IS A CONTRACT AND MAY BE RESCINDED IF RELEASE HAD OBTAINED THE SIGNATURE OF THE RELEASOR THROUGH FRAUD, DECEPTION, OVERREACHING OR OTHER UNFAIR CONDUCT.."].)

CONTRARY TO DEFENDANT'S CONTENTION, PLAINTIFF MAY SEEK TO VOID THE RELEASE FOR THE REASONS ALLEGED IN THE THIRD AND FOURTH CAUSES OF ACTION. IF THE RELEASE IS INVALID, PLAINTIFF WOULD NOT BE ESTOPPED FROM ALLEGING CLAIMS TO RECOVER THE FUNDS ALLEGEDLY MISAPPROPRIATED BY DEFENDANT UNDER THE THEORIES ALLEGED IN THE FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION.

2. THE DEMURRER TO THE THIRD CAUSE OF ACTION ALLEGING PROMISSORY FRAUD IS OVERRULED. PLAINTIFF HAS PLEADED SPECIFIC FACTS DETAILING THE FALSE REPRESENTATION MADE TO PLAINTIFF AND DEFENDANT'S LACK OF INTENT FULLY TO PERFORM THE SETTLEMENT

EXHIBIT A to order
1 OF 2

AGREEMENT, THE ORIGINAL NOTE AND THE NOTE MODIFICATION AGREEMENT. (SEE GENERALLY *LAZAR V. SUPERIOR COURT* (1996) 12 CAL.4TH 631, 638.)

3. THE DEMURRER TO CAUSES OF ACTION 3-9, ON THE GROUND THEY ARE BARRED BY THE DOCTRINE OF ELECTION OF REMEDIES IS OVERRULED.

CONTRARY TO DEFENDANT'S CONTENTION, PLAINTIFF IS ALLOWED TO PLEAD INCONSISTENT OR ALTERNATIVE CAUSES OF ACTION BASED ON THE SAME SET OF FACTS, AND THIS DOES NOT CONSTITUTE A BINDING ELECTION OF REMEDIES. (*STEINER V. ROWLEY* (1950) 35 CAL.2D 713, 719 – 720; (3 WITKIN, CAL. PROC. (5TH ED. 2008) ACTIONS, § 179, § 181, PP. 260, 261; 4 WITKIN, OP. CIT., PLEADING, § 406, P. 545.)

THE FACT THAT PLAINTIFF ALSO OBTAINED AN EX PARTE RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT DOES NOT CONSTITUTE AN ELECTION OF REMEDIES THAT PREJUDICED DEFENDANT, AND PLAINTIFF IS NOT ESTOPPED FROM PURSUING ITS CAUSES OF ACTION FOR TORT DAMAGES. (*WAFFER INT. CORP. V. KHORSANDI* (1999) 69 C.A.4TH 1261, 1264-1265.)

IN REJECTING THE SAME ARGUMENT RAISED BY DEFENDANT, THE *WAFFER* COURT HELD: "INSTEAD, THE ELECTION DOCTRINE NOW APPEARS SIMPLY OUTMODED IN THE ATTACHMENT CONTEXT DUE TO THE EXTENSIVE REVISIONS IN THE ATTACHMENT STATUTES." (*ID.* AT PP.1264-1265); AND "IT IS INCONGRUOUS TO SPEAK OF ANY DEFENDANT BEING SUBSTANTIALLY PREJUDICED BY ENFORCEMENT OF THE PLAINTIFF'S STATUTORY RIGHTS." (*ID.* AT P. 1279.)

DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE OF THE COURT FILINGS, EX. A & C, IS GRANTED. EV. CODE § 452(d).)

NEW ARGUMENTS RAISED IN DEFENDANT'S REPLY PAPERS ARE NOT PROPERLY BEFORE THIS COURT IN THIS DEMURRER AND ARE DEEMED TO HAVE BEEN WAIVED.