Entered on Docket
March 23, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 23, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| In re:<br>**DOYLE D. HEATON and**<br>**MARY K. HEATON,**<br>Debtors. | Case No.: 10-40297 EDJ<br>Chapter 11<br>**ORDER LIMITING SCOPE OF NOTICE**<br>[No Hearing Required] |
|---|---|

The Court has considered the *Motion of Debtors for Order Limiting Scope of Notice* (the "Motion").[1] It appears that due and sufficient notice of the Motion has been provided under the circumstances. It further appears that the relief requested in the Motion is reasonable and in the best interest of the estate. After due deliberation and sufficient cause shown,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Debtors and other parties in interest, to the extent applicable, are authorized to limit notice of certain matters set forth below to the following parties: (a) the Office of the United States Trustee, (b) counsel for the official unsecured creditors committee appointed in this case, (c) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i) or otherwise provide counsel for the Debtors with a

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

written request (whether by facsimile, electronic mail or otherwise) to be added to the service list, (d) secured creditors, if any; and (e) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter (as defined below) or its counsel (the "Limited Service List").

3. The Debtors and other parties in interest, to the extent applicable, are authorized to limit the scope of service of all notices, motions, or applications, including, but not limited to, the following:

(a) any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the Debtors);

(b) any proposed debtor in possession financing or use of cash collateral;

(c) any proposed extension of the Debtors' exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;

(d) any proposed approval of a compromise or settlement of a controversy pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019;

(e) any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

(f) any proposed assumption or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006;

(g) any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; and

(h) a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules.

4. Notwithstanding the foregoing, the relief granting by this Order does not affect the rights of all creditors and parties in interest in this case to receive notice of the following matters or

1 proceedings: (a) a hearing on the dismissal or conversion of this case; (b) the time fixed for filing
2 objections to any disclosure statement and any hearing to consider approval of any disclosure
3 statement; (c) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any
4 modification thereof and the hearing thereon; (d) the entry of an order confirming a plan; and (e) the
5 date fixed for filing proofs of claim.

6      5.     Within seven (7) days following entry of this Order, the Debtors shall serve notice of
7 entry of this Order on all creditors who would otherwise be entitled to notice of the Limited Notice
8 Matters in this case. The Debtors shall provide a copy of the Limited Service List to any creditor or
9 party in interest who makes a written request therefor to the Debtors' bankruptcy counsel.

***END OF ORDER***

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Debtors<br>Doyle D. & Mary K. Heaton |
| 3 | 3480 Buskirk Avenue<br>Suite 260 |
| 4 | Pleasant Hill, CA 94523 |
| 5 | Office of the US Trustee<br>1301 Clay Street |
| 6 | Suite 690N<br>Oakland, CA 94612-5217 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA