Entered on Docket
March 30, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 30, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
       mlitvak@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>**DOYLE D. HEATON and<br>MARY K. HEATON,**<br><br>Debtors. | Case No.: 10-40297 EDJ<br><br>Chapter 11<br><br>**ORDER AUTHORIZING DEBTORS TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**<br><br>[No Hearing Required] |

The Court has considered the *Motion of Debtors for Authority to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion").[1]  It appears that due and sufficient notice of the Motion has been provided under the circumstances.  It further appears that the relief requested in the Motion is reasonable and in the best interest of the estate. After due deliberation and sufficient cause shown,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as amended hereby.

2. Effective as of the Petition Date, the Debtors are authorized to employ, pursuant to section 327(e) of the Bankruptcy Code, and to compensate, pursuant to section 328(a) of the Bankruptcy Code, the Professionals set forth on **Exhibit A** as attached hereto, without the need for

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

each Professional to file formal applications for employment and compensation pursuant to sections 327, 330, and 331 of the Bankruptcy Code.

3. Within thirty (30) days following entry this Order, each Professional shall file with the Court and serve on the counsel to the official committee appointed in the case (the "Committee") and Office of the United States Trustee, a declaration, consistent with the requirements of section 327(e) of the Bankruptcy Code, indicating that the Professional does not represent or hold any interest adverse to the Debtors or the estate with respect to the matters on which such Professional is to be employed ("Employment Declaration"). The Committee and the United States Trustee are the "Notice Parties" for the purposes of this order.

4. Any objection to the retention of a Professional must be made within seven (7) days after the date of service of such Professional's Employment Declaration (the "Retention Objection Deadline"). The objecting party must file its objection with the Court and serve the objection upon the Debtors, the affected Professional, and the Notice Parties on or before the Retention Objection Deadline. If an objection is timely filed and served, the Debtors shall set the matter for hearing on at least seven (7) days' notice to the objecting party and the Notice Parties. If no objection is timely made, the Debtors shall be authorized to retain the Professional under section 327(e) of the Bankruptcy Code, without further order of this Court.

5. The Debtors shall file with the Court and serve on the Notice Parties a notice of intent to pay the Professionals (the "Payment Notice"). The Payment Notice shall contain the following: (i) the name of the Professional, (ii) the amounts of compensation to be paid and expenses to be reimbursed to the Professional, and (iii) a general description of the services rendered by the Professional (with applicable invoices, setting forth in reasonable detail the nature of such, attached as exhibits to the Payment Notice). In addition, on a monthly basis the Debtors shall provide the Committee with copies of the actual bills of the Professionals.

6. Any objection by a Notice Party to the payment of fees or reimbursement of expenses set forth in the Payment Notice must be filed and served upon the Debtors and the affected Professional within seven (7) days after the date of service of the Payment Notice (the "Payment Objection Deadline"). If an objection is timely filed and served, the Debtors will set the matter for

hearing on at least seven (7) days' notice to the objecting party. If no objection is received, the fees and expenses set forth in the Payment Notice shall be deemed approved, without further order of the Court, and the Debtors shall be authorized to pay such fees and expenses immediately following the expiration of the objection period. Notwithstanding any objection, the Debtors shall be authorized to pay any undisputed amounts that are not subject to any objection without further order of the Court. In the event the Committee objects to the Payment Notice of a Professional, such Professional shall stop working on behalf of the Debtors pending further order of the Court or the consent of the Committee.

7. The total amount of fees and expenses will be subject to the caps set forth on Exhibit A hereto (the "Fee Caps"). The payment of any amount exceeding the applicable Fee Cap will be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, promulgated by the United States Bankruptcy Court for the Northern District of California. Each Professional will be entitled, however, to a final payment from the Debtors of up to the applicable Fee Cap without need for a fee application.

8. Provided the prior written consent of the Committee is obtained, the Fee Caps shall "roll over" into subsequent periods, such that the Fee Caps for each month shall be increased by the "unused" portions of the Fee Caps for prior periods. To the extent the Committee does not consent to such a "roll over," the Fee Caps shall act as a hard limit on the total amounts of fees and expenses of each Professional, absent further order of the Court.

9. The Debtors are authorized to retain and compensate additional ordinary course Professionals by filing a supplement ("Supplement") to Exhibit A with the Court, without the need to file individual retention applications for each additional Professional and without the need for any further hearing or notice to any other party, except as described below. All Professionals listed in a Supplement shall, within twenty-eight (28) days of the filing of such Supplement, file and serve an Employment Declaration on the Notice Parties. Consistent with the procedure set forth above, any objection to the retention of an additional professional must be filed and served on the Debtors, the

affected Professional, and the Notice Parties within seven (7) days after the date of service of such Professional's Employment Declaration. If an objection is timely made, the Debtors shall set the matter for hearing on at least seven (7) days' notice to the objecting party and the Notice Parties. If there is no objection, the Debtors shall be authorized to retain and compensate the Professional consistent with the Motion and this Order.

# EXHIBIT A

# ORDINARY COURSE PROFESSIONALS

| NAME | TYPE OF SERVICE PROVIDED | FEES AND EXPENSES CAP |
|---|---|---|
| Theani C. Louskos, Esq.<br>Bartko, Zankel, Tarrant & Miller<br>900 Front Street, Suite 300<br>San Francisco, CA 94111 | Real Estate and Transactional Counsel | $2,500 per month |
| Minna Yang, Esq.<br>Wagner Kirkman Blaine Klomparens & Youmans, LLP<br>10640 Mather Blvd., Suite 200<br>Mather, CA 95655 | Tax Counsel | $5,000 per month |
| Joshua D. Cohen, Esq.<br>Morgan Miller Blair<br>1331 N. California Blvd., Suite 200<br>Walnut Creek, CA 94596 | Arbitration Counsel | $0[1] |
| Rick Rosenbaum<br>3480 Buskirk Ave. #260<br>Pleasant Hill, CA 94523 | Consultant | $5,000 per month |
| Alysse Rueckert<br>3480 Buskirk Ave. #260<br>Pleasant Hill, CA 94523 | Consultant | $5,000 per month |

***END OF ORDER***

---

[1] Mr. Cohen acts as counsel to Mr. Heaton and two other non-debtor claimants in an arbitration proceeding involving the owners of Oak Brook Partners II, LLC. Mr. Cohen's fees are paid by one of the other claimants to the proceeding.

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Debtors<br>Doyle D. & Mary K. Heaton |
| 3 | 3480 Buskirk Avenue<br>Suite 260 |
| 4 | Pleasant Hill, CA 94523 |
| 5 | Office of the US Trustee<br>1301 Clay Street |
| 6 | Suite 690N<br>Oakland, CA 94612-5217 |