Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
         mlitvak@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**DOYLE D. HEATON and<br>MARY K. HEATON,**<br><br>Debtors. | Case No.: 10-40297 EDJ<br><br>Chapter 11<br><br>**MOTION OF DEBTORS FOR AUTHORITY TO AMEND DEED OF CERTAIN REAL PROPERTY HELD IN TRUST**<br><br>[Pursuant to B.L.R. 9014-1, no hearing unless opposition filed or hearing requested] |

Doyle D. Heaton and Mary K. Heaton, a married couple (together, the "Debtors"), hereby move (this "Motion") the Court for entry of an order authorizing the Debtors to amend the deed relating to certain real property that is not property of the estate and that is held in trust pursuant to section 363 of title 11 of the Unites States Code (the "Bankruptcy Code"), and granting related relief.

///

///

///

## RELIEF REQUESTED

By this Motion, the Debtors seek to amend the deed relating to the real property located at 12916 Falcon Point Place, Truckee, California (the "Property"). Title to the Property is currently held in a joint tenancy by: (1) Heaton Enterprises I, LLC ("Heaton Enterprises"),[1] which is wholly owned by the Doyle D. Heaton Qualified Personal Residence Trust Truckee (the "Trust"); and (2) Sean Heaton, one of the Debtors' three sons. The Trust and its assets are not property of the estate under section 541 of the Bankruptcy Code.

Although titled as a joint tenancy, the Property was originally acquired by Doyle D. Heaton and each of his three sons, Sean Heaton, Chad Heaton, and Greg Heaton. Doyle D. Heaton has since transferred his interests in the Property to the Trust and then to Heaton Enterprises. Mr. Heaton has paid more than his share of the expenses associated with the Property in recent years. As a result, Mr. Heaton believes that his current beneficial ownership interest in the Property, which is held through Heaton Enterprises and the Trust, equals 55%. The Debtors seek to clarify the respective ownership interests of Heaton Enterprises and each of the Debtors' children in the Property by executing a new grant deed. The interests of Heaton Enterprises will remain unchanged, consistent with its existing 55% beneficial interest in the Property.

To be clear, the Debtors do not believe that the Trust or its assets, including the Property, constitute property of the Debtors' estate. Nevertheless, the Debtors believe that the most prudent course of action is to disclose this proposed transaction and out of an abundance of caution seek the Court's authorization to the extent necessary even though the Trust's assets are not property of the estate and will not be diminished.

**WHEREFORE**, the Debtors request entry of an order: (a) authorizing the Debtors to amend the deed to the Property as necessary to reflect the beneficial ownership interests in the Property; and (b) granting such other and further relief to which the Debtors may be entitled.

---

[1] In the Schedules, the Property was inadvertently listed as being owned by Heaton Enterprises III, LLC.

| | | |
|---|---|---|
| Dated: April 19, 2010 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | */s/ Maxim B. Litvak* <br> Maxim B. Litvak <br> Attorneys for Debtors <br> and Debtors in Possession |