MATTHEW J. SHIER (SBN: 72638)
JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Respondent Robert J. Nichols

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DOYLE D. HEATON and MARY K. HEATON,<br><br>Debtors. | No. 10-40297 EDJ<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION TO APPROVE STIPULATION CLARIFYING AUTOMATIC STAY DOES NOT APPLY AND PROVIDING THAT ARBITRATION PROCEEDING IS BINDING ON ESTATE**<br><br>[No Hearing Required] |

The *ex parte* application of Robert J. Nichols, joined by the Debtors and the Official Creditors' Committee, with the approval of Wells Fargo, NA, is made with reference to the following facts:

1. This Chapter 11 case was filed on January 11, 2010 (Docket No. 1).

2. Among the property of the estate is the Debtor's 20% membership interest in Oak Brook Partners II LLC, a limited liability company ("Oak Brook"), which owns an ABBA self storage facility in Concord, California (the "Oak Brook Assets").

3. On the petition date, litigation was pending between certain members of Oak Brook for dissolution of the company.

5201.001   **EX PARTE APPLICATION TO APPROVE STIPULATION**
Case: 10-40297   Doc# 138   Filed: 04/19/10   Entered: 04/19/10 12:41:58   Page 1 of 7

EXHIBIT A
1 of 7

4. The litigation was commenced as a petition for arbitration to dissolve Oak Brook. Mr. Heaton is one of the claimants in the arbitration proceeding. Prior to the petition date, the Arbitrator ordered that Oak Brook be dissolved, but that Respondent Nichols has an option to purchase the remaining membership interests at a value determined by the Arbitrator in a hearing to be held in the near future.

5. In the event the option is not timely exercised, the Oak Brook Assets will be sold in the open market, and any net proceeds derived therefrom will be distributed to the members in accordance with the Operating Agreement of Oak Brook. A brief chronology of the arbitration to date is as follows:

    a. Arbitration demanding judicial dissolution commenced April 20, 2009 (the "Arbitration").

    b. William A. Quinby appointed Arbitrator on or about July 1, 2009;

    c. Hearing: September 1 through 2, 2009;

    d. Interim Award: November 20, 2009;

    e. First Addendum to Interim Award (establishing valuation process to determine buy-out price): January 6, 2010; and

    f. Debtors' bankruptcy case was commenced on January 11, 2010.

6. The Debtors and Respondent agree that the conclusion of the Arbitration and valuation process is in the best interests of, and will have no adverse impact on, the estate. Moreover, Mr. Heaton is a claimant in the Arbitration proceeding. The Official Committee of Unsecured Creditors has no opposition to the terms of this Stipulation. A duly executed copy of the Stipulation is attached hereto, marked "Exhibit A" and made a part hereof. It states as follows.

7. The automatic stay provided by 11 U.S.C. § 362 does not apply to the Arbitration and the matter may go forward.

8. The determination of the Arbitrator therein shall be binding upon the Debtors and their bankruptcy estate, and the Debtors' interests in Oak Brook and/or the Oak Brook Assets
PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

1  may be liquidated consistent with the decision of the Arbitrator and this Court's Order Approving
2  Settlement Agreement with Wells Fargo, N.A. (Docket No. 131), without need for further order
3  of this Court.
4      9.   While not a party to the Stipulation, Wells Fargo, N.A. has approved the terms
5  thereof.
6      WHEREFORE, Applicant prays for an order granting this application and approving the
7  Stipulation and for such other and further relief as is proper in the premises.
8  Dated:  April 19, 2010                    PINNACLE LAW GROUP LLP

                                            By /s/ Matthew J. Shier
                                               Matthew J. Shier, Attorneys for
                                               Respondent Robert J. Nichols

5201.001                                3   **EX PARTE APPLICATION TO APPROVE STIPULATION**
Case: 10-40297   Doc# 138   Filed: 04/19/10   Entered: 04/19/10 12:41:58   Page 3 of 7

EXHIBIT A
3 of 7

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
|   | JAMES D. HOLDEN - 42872 |
| 2 | jholden@hansonbridgett.com |
|   | 425 Market Street, 26th Floor |
| 3 | San Francisco, CA 94105 |
|   | Telephone: (415) 777-3200 |
| 4 | Facsimile: (415) 541-9366 |
| 5 | Attorneys for Respondent |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DOYLE D. HEATON and MARY K. HEATON, | No. 10-40297 EDJ |
| Debtors. | Chapter 11 |
| | **STIPULATION CLARIFYING AUTOMATIC STAY DOES NOT APPLY AND PROVIDING THAT ARBITRATION PROCEEDING IS BINDING ON ESTATE** |
| | [No Hearing Required] |

It is stipulated by and among Doyle D. Heaton and Mary K. Heaton, Debtors, and Robert J. Nichols, Respondent in the below-referenced arbitration proceeding, as follows:

1. This Chapter 11 case was filed on January 11, 2010 (Docket No. 1).

2. Among the property of the estate is the Debtor's 20% membership interest in Oak Brook Partners II LLC, a limited liability company ("Oak Brook"), which owns an ABBA self storage facility in Concord, California (the "Oak Brook Assets").

3. On the petition date, litigation was pending between certain members of Oak Brook for dissolution of the company.

4. The litigation was commenced as a petition for arbitration to dissolve Oak Brook. Mr. Heaton is one of the claimants in the arbitration proceeding. Prior to the

- 1 -

petition date, the Arbitrator ordered that Oak Brook be dissolved, but that Respondent has an option to purchase the remaining membership interests at a value determined by the Arbitrator in a hearing to be held in the near future.

5. In the event the option is not timely exercised, the Oak Brook Assets will be sold in the open market, and any net proceeds derived therefrom will be distributed to the members in accordance with the Operating Agreement of Oak Brook. A brief chronology of the arbitration to date is as follows:

 a. Arbitration demanding judicial dissolution commenced April 20, 2009 (the "Arbitration").

 b. William A. Quinby appointed Arbitrator on or about July 1, 2009;

 c. Hearing: September 1 through 2, 2009;

 d. Interim Award: November 20, 2009;

 e. First Addendum to Interim Award (establishing valuation process to determine buy-out price): January 6, 2010; and

 f. Debtors' bankruptcy case was commenced on January 11, 2010.

6. The Debtors and Respondent agree that the conclusion of the Arbitration and valuation process is in the best interests of, and will have no adverse impact on, the estate. Moreover, Mr. Heaton is a claimant in the Arbitration proceeding. The Official Committee of Unsecured Creditors has no opposition to the terms of this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AS FOLLOWS:**

7. The automatic stay provided by 11 U.S.C. § 362 does not apply to the Arbitration and the matter may go forward.

8. The determination of the Arbitrator therein shall be binding upon the Debtors and their bankruptcy estate, and the Debtors' interests in Oak Brook and/or the Oak Brook Assets may be liquidated consistent with the decision of the Arbitrator and this Court's Order Approving Settlement Agreement with Wells Fargo, N.A. (Docket No. 131), without need for further order of this Court.

Authorized Signatures

*[signature]* , *[signature]*
Robert J. Nichols    Doyle H. Heaton

*[signature]*
Mary K. Heaton

We have no opposition to Court order pursuant to the foregoing Stipulation.

Official Committee of Unsecured Creditors

By:_____

- 3 -

Authorized Signatures

_____          _____
Robert J. Nichols                     Doyle H. Heaton

                                      _____
                                      Mary K. Heaton

We have no opposition to Court order pursuant to the foregoing Stipulation.

Official Committee of Unsecured Creditors

By: _____[signature]_____

Its: Chair

- 3 -

2308192.1

DOCS_SF:71006.3