1  Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)

2  PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor

3  San Francisco, California 94111-4500
Telephone: 415/263-7000

4  Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com

5          mlitvak@pszjlaw.com

6  Attorneys for Debtors and Debtors in Possession

**FILED**

JUN 2 4 2010

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                      **OAKLAND DIVISION**

11  In re:                                      Case No.: 10-40297 EDJ

12  **DOYLE D. HEATON and**                     Chapter 11
    **MARY K. HEATON,**

13                                              **ORDER CONFIRMING FIRST**
                        Debtors.               **AMENDED JOINT PLAN OF**
14                                              **LIQUIDATION PROPOSED BY THE**
                                                **DEBTORS**
15

16                                              Plan Confirmation Hearing:

17                                              Date:  June 24, 2010
                                                Time:  2:30 p.m.
18                                              Place: Courtroom 215
                                                       1300 Clay Street
19                                                     Oakland, CA 94612
                                                Judge: Honorable Edward D. Jellen
20

21          A hearing (the "Hearing") was held before this Court on June 24, 2010, at 2:30 p.m., to

22  consider confirmation of the *First Amended Joint Plan of Liquidation Proposed by the Debtors,*

23  dated May 5, 2010, as modified by the Debtors on June 17, 2010 (the "Plan").[1]  Appearances at the

24  Hearing on behalf of Doyle D. Heaton and Mary K. Heaton (the "Debtors") and the Official

25  Committee of Unsecured Creditors (the "Creditors' Committee") are noted on the record.

26          The Court has reviewed the Plan and the ballot tabulation, memorandum of points and

27  authorities, declarations and certificates of service submitted in support of confirmation of the Plan.

28

---

[1]  Capitalized terms not defined herein shall have the meanings set forth in the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Court has also considered the statements of counsel at the Hearing. There were no unresolved objections filed or served and no opposition at the Hearing to confirmation of the Plan.

Based upon the foregoing, due deliberation having been given to the transactions contemplated in the Plan and good cause appearing, the Court makes the following findings of fact and conclusions of law:

### IT HAS BEEN DETERMINED BY THE COURT THAT:

**A.**     **Jurisdiction and Venue.**

This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of these cases in the Northern District of California is proper under 28 U.S.C. § 1408.

**B.**     **Notice of Hearing.**

Due and sufficient notice of the Hearing has been provided under the circumstances and under applicable rules and consistent with the requirements imposed by this Court in the *Order (1) Approving Disclosure Statement in Support of First Amended Joint Plan of Liquidation, and (2) Establishing Transmittal and Voting Procedures for Confirmation of the Plan*, entered on May 5, 2010 (the "Disclosure Statement Order").

**C.**     **Voting on Plan.**

The Disclosure Statement Order fixed June 17, 2010, as the last day to submit ballots to accept or reject the Plan. The Debtors have tabulated the ballots received, as evidenced by the Declaration of Patricia J. Jeffries submitted in support of confirmation of the Plan. As set forth therein, all impaired Classes entitled to vote on the Plan (except certain subclasses of Miscellaneous Secured Claims) have accepted the Plan in both number and amount pursuant to section 1126 of the Bankruptcy Code.

**D.**     **Compliance with Section 1129.**

The Plan complies with each of the requirements set forth in section 1129 of the Bankruptcy Code.

///

///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## E. Modification of the Plan.

The Debtors modified the Plan on June 17, 2010, to correct the inadvertent omission of a sentence from the Plan that described the Debtors' entitlement to a success fee equal to 20% of any distributions realized by the Estate on account of the Debtors' interests in Clover DHDA, LLC. This success fee was fully disclosed in the *Disclosure Statement in Support of the First Amended Joint Plan of Liquidation Proposed by the Debtors* dated May 5, 2010 (the "Disclosure Statement"), and was taken into account in calculating the projected distributions to creditors under the Plan. Further, the payment of the success fee was part of the compromise negotiated with the Creditors' Committee prior to solicitation of the Plan, and is supported by the Creditors' Committee. Hence, under sections 1127(a) and (d) of the Bankruptcy Code and Bankruptcy Rule 3019(a), the Court finds that this modification to the Plan does not adversely change the treatment of the claim of any creditor who has not accepted in writing the modification, and shall be deemed accepted by all creditors who have previously accepted the Plan.

Based upon the record of the Hearing, all the proceedings held before this Court in this case, and the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED THAT:**

### 1. Plan Confirmed.

The Plan, as modified, is confirmed. The Debtors are authorized to (a) take such actions as may be necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, and (b) execute such documents and instruments as may be required to carry out the Plan.

### 2. Rejection of Certain Contracts and Leases.

The Debtors are authorized to reject the executory contracts and unexpired leases as set forth in the Plan.

### 3. Revesting and Liquidation of Estate Assets.

On the Effective Date and subject to the provisions of the Plan and the oversight of the Plan Committee, the Debtors shall be vested with all right, title and interest in the Estate Assets for the benefit of Creditors, free and clear of all Claims, Liens, charges, other encumbrances and Interests,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

except as set forth in the Plan. Subject to the approval of the Plan Committee when required under the Plan, the Debtors will effectuate an orderly liquidation of the Estate Assets for the benefit of Creditors in accordance with the Plan. The Debtors shall segregate the Estate Assets separate from the Debtor Retained Assets and shall not commingle the Estate Assets with the Debtors' personal assets. Estate Assets that have been reduced to Cash shall be deposited into the Joint Account. The Plan Committee shall have the right, but not the obligation, to record an appropriate instrument in each County in which an Estate Asset is located to provide third party notice of the Plan Committee's required consent for the disposition of that particular Estate Asset.

**4.    Revesting of Debtor Retained Assets.**

On the Effective Date and subject to the provisions of the Plan, the Debtors shall be vested (for their own personal benefit) with the Debtor Retained Assets free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as set forth in the Plan, provided that in consideration of the Debtors' retaining their interests in the Truckee Property, the Debtors shall pay into the Joint Account for the benefit of the Estate the sum of $50,000 in Cash within six (6) months following the Effective Date, an additional $50,000 in Cash within twelve (12) months following the Effective Date, and an additional $75,000 in Cash within twenty-four (24) months following the Effective Date. The Plan Committee shall be entitled to enforce the estate's rights arising out of the failure to make any of the foregoing payments.

**5.    Binding Effect of the Plan.**

The rights afforded under the Plan and the treatment of all Claims and Interests under the Plan shall be the sole and exclusive remedy on account of such Claims against, and Interests in the Debtors and the Estate Assets, including any interest accrued on such Claims from and after the Petition Date or interest which would have accrued but for the commencement of the Chapter 11 Case. The distributions made pursuant to the Plan shall be in full and final satisfaction, settlement, release and discharge of the Allowed Claims on account of which such distributions are made. The Plan shall bind and govern the acts of the Debtors and all holders of all Claims against, and Interests in the Debtors, whether or not: (i) a proof of Claim or proof of Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim or Interest is allowed pursuant to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Section 502 of the Bankruptcy Code, or (iii) the holder of a Claim or Interest has accepted the Plan.

**6.** **Discharge of Claims Other Than Allowed General Unsecured Claims in Class 7.**

Upon the Effective Date and except as provided in the Plan or the Confirmation Order, (a) the rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims, including, without limitation, any interest or fees accrued on the Wells Fargo Claims and/or General Unsecured Claims from the Petition Date; and (b) confirmation of the Plan shall discharge the Debtors from all Claims or other debts that arose at any time before the Confirmation Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (ii) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (iii) the holder of a Claim has accepted the Plan. Notwithstanding the foregoing, the Debtors shall not be discharged from any debt that is determined by a Final Order to be nondischargeable under section 523 of the Bankruptcy Code.

**7.** **Discharge of Allowed General Unsecured Claims in Class 7.**

Notwithstanding anything to the contrary herein, the Debtors shall not receive a discharge as to Allowed General Unsecured Claims in Class 7: (a) before the one year anniversary of the Effective Date, and (b) until the earlier to occur of (i) the end of the eighteen (18) month-period following the Effective Date or (ii) the approval of the vested tentative map for the development known as "Riverdale Ranch" in Cloverdale, California (together, the "Extended Discharge Period"). The Debtors waive any right to seek an earlier discharge of Allowed General Unsecured Claims in Class 7. The Plan Committee shall have the right to petition the Bankruptcy Court to deny or further delay the Debtors' discharge as to Allowed General Unsecured Claims in Class 7 in the event the Plan Committee reasonably determines that the Debtors have failed to observe their duties and obligations under the Plan in a manner that has materially prejudiced holders of Allowed General Unsecured Claims in Class 7, provided that the Debtors reserve any and all available rights to challenge such request by the Plan Committee. Upon conclusion of the Extended Discharge Period, unless the Bankruptcy Court specifically denies or further delays discharge, the Debtors shall have

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

the benefit of the discharge provisions in Section 9.3 of the Plan as to Allowed General Unsecured Claims in Class 7.

### 8. Permanent Injunction.

Except as provided in the Plan, Section 1141(c) of the Bankruptcy Code, or in the Confirmation Order, as of the Confirmation Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability that is stayed, impaired, discharged or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions either (x) against the Debtors, the Estate, or their property on account of all or such portion of any such Claims, Interests, debts or liabilities that are stayed, impaired or terminated, or (y) against any Person with respect to any Available Claim and/or Defense, which is waived, released or exclusively retained under the Plan: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. To avoid any doubt, nothing in the Plan shall be construed or is intended to affect, enjoin, modify, release or waive any claims, rights, and actions that a third party may have against a person other than the Debtors or the Debtors. Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays provided for in the Chapter 11 Case pursuant to Sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date. From and after the Effective Date, except as provided in the Plan or in the Confirmation Order, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, (a) seeking to hold (i) the Debtors or the Estate, or (ii) the property of the Debtors or the Estate, liable for any Claim, obligation, right, interest, debt or liability that has been addressed or released pursuant the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**9. Dissolution of Committee.**

On the Effective Date, the Creditors' Committee shall be dissolved and the members of the Creditors' Committee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Chapter 11 Case, except that the Creditors' Committee shall continue in existence and have standing and capacity to prepare and prosecute applications for the payment of fees and reimbursement of expenses incurred by the Creditors' Committee or its Professionals.

**10. Establishment of Plan Committee.**

On the Effective Date, the Plan Committee shall be established and shall have the functions and rights set forth in the Plan. The initial members of the Plan Committee shall be those selected by the current members of the Creditors' Committee pursuant to a notice to be filed with the Court as soon as practicable after the Effective Date.

**11. Administrative Claims Bar Date.**

Pursuant to section 2.2 of the Plan, any Person asserting any Administrative Claims through the Effective Date (except with respect to Professional Fees, which instead shall be subject to the Professional Fees Bar Date addressed below) must file such Claims with the Court within thirty (30) days following the Effective Date, or be forever barred from asserting such Claims against the Debtors and/or from sharing in any distribution under the Plan.

**12. Rejection Claims Bar Date.**

Pursuant to sections 7.1 and 7.2 of the Plan, any Person asserting any Claim for damages arising from the rejection of an executory contract or unexpired lease of the Debtors under the Plan shall file such Claim with the Court within thirty (30) days following the Effective Date, or be forever barred from asserting such Claim against the Debtors and/or from sharing in any distribution under the Plan.

**13. Professional Fees Bar Date.**

Pursuant to section 2.4 of the Plan, any Professional asserting a claim for compensation for services rendered and reimbursement for expenses incurred in accordance with sections 330, 331 or 503(b) of the Bankruptcy Code must file its application with the Court for allowance of

compensation for services rendered and reimbursement of expenses incurred through the Effective Date of the Plan within sixty (60) days of the Effective Date, or be forever barred from asserting such Claim against the Debtors and/or from sharing in any distribution under the Plan.

14.    **Notice of Confirmation Order and Effective Date.**

As soon as practicable following the Effective Date of the Plan, the Debtors shall file and serve notice of the entry of this Order in the manner required under Bankruptcy Rule 2002(f). The notice shall further identify the Effective Date and shall set forth the Administrative Claims Bar Date, the Rejection Claims Bar Date, and the Professional Fees Bar Date.

15.    **Construction of Order.**

The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect as every other provision of the Plan, whether or not mentioned in this Order.

\*\*END OF ORDER\*\*



JUN 2 4 2010          EDWARD D. JELLEN

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# COURT SERVICE LIST

Central Pacific Bank
1420 Rocky Ridge Drive, Suite 250
Roseville, CA 95661

Dan Morgan
CV Anthony II, LLC
2 Ranch Road
Novato, CA 94945

Dave Sanson
Meadow Creek Group, LLC
1500 Willow Pass Court
Concord, CA 94520

Donna Goldberg
8123 Brittany Drive
Dublin, CA 94568

Doyle D. & Mary K. Heaton
3480 Buskirk Avenue
Suite 260
Pleasant Hill, CA 94523

Foundation Bank
1110 N.E. 112th Ave., Suite 200
Bellevue, WA 98004

Hillis Clark Martin & Peterson, P.S.
Attn: Joseph A.G. Sakay
1221 Second Avenue, Suite 500
Seattle, WA 98101

James C. Williams, Esq.
Davis Wright & Tremaine LLP
505 Montgomery St., Ste 800
San Francisco, CA 94111

Jen Klose, Esq.
Abbey Weitzenberg Warren & Emery
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401

John and Andrea Barella
496 Jasmin Lane
Petaluma, CA 94592

John P. Lecrone, Esq.
Davis Wright & Tremaine LLP
865 S. Figueroa St., Ste 2400
Los Angeles, CA 90017-2566

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Mary H. Haas
Davis Wright Tremaine LLP
865 S. Figueroa Street, Ste 2400
Los Angeles, CA 90017

Margaret Incandela
Heritage Bank of Commerce
150 Almaden Blvd
San Jose, CA 95113

Mariah Garcia
Gonsalves and Santucci, Inc.
5141 Commercial Circle
Concord, CA 94520

Ramesh Singh
Recovery Management Systems
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Saied Kashani
800 W. First St. #400
Los Angeles, CA 90012

Steve Huntley
Huntley, Mullaney, Spargo & Sullivan
3001 Douglas Blvd., Suite 330
Roseville, CA 95661

Steven A. Simontacchi, Esq.
Phillips, Downs & Simontacchi LLP
55 Shaver Street, Ste 330
San Rafael, CA 94901