1 Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
2 PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
3 San Francisco, California 94111-4500
Telephone: 415/263-7000
4 Facsimile: 415/263-7010
E-mail: dgrassgreen@pszjlaw.com
5         mlitvak@pszjlaw.com

6 Minna C. Yang (CA Bar No. 187599)
Jordan A. Lui (CA Bar No. 267876)
7 WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
8 10640 Mather Blvd., Suite 200
Mather, California 95655
9 Telephone: 916/920-5286
Facsimile: 916/920-8608
10 Email: myang@wkblaw.com
        jlui@wkblaw.com

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>**DOYLE D. HEATON and**<br>**MARY K. HEATON,**<br><br>Debtors. | Case No.: 10-40297 MEH<br><br>Chapter 11<br><br>**STIPULATED SCHEDULING ORDER REGARDING THE DEBTORS' OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE [CLAIM NO. 58-1] AND MOTION FOR AN ORDER DETERMINING CERTAIN TAX LIABILITY OF THE ESTATE PURSUANT TO SECTION 505(a) OF THE BANKRUPTCY CODE** |

Doyle D. Heaton and Mary K. Heaton, a married couple (the "Debtors") and the Internal Revenue Service ("IRS, and with the Debtors, the "Parties") have met and conferred regarding a scheduling order for discovery and pre-trial procedures in connection with the Debtors' *Objection to Claim of Internal Revenue Service and Motion for An Order Determining Certain Tax Liability of*

*the Estate Pursuant to Section 505(a) of the Bankruptcy Code* (the "Objection and Motion") [Dkt. No. 376], and hereby stipulate, by and through their counsel, as follows:

## RECITALS

A. On January 11, 2010 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Prior to the Petition Date, the Debtors were local real estate developers.

B. On May 17, 2010, the IRS filed a proof of claim ("Claim"), which asserts an unsecured priority claim under section 507(a)(8) of the Bankruptcy Code in the total amount of $9,102,793.64 for the years 2007 through 2009.

C. On June 24, 2010, the Court signed an order confirming the *First Amended Joint Plan of Liquidation Proposed by the Debtors* (the "Plan"). The effective date of the Plan was July 15, 2010. The Plan has been substantially completed and remains in full force and effect.

D. On March 29, 2013, following an examination and report by the IRS regarding the Debtors' tax liabilities and refunds for the years 2003 through 2009, and written protest by the Debtors which was duly considered by the IRS, the IRS issued a statutory notice of deficiency ("SND"). The SND asserts that the Debtors owe additional income taxes of $1,579,936 and penalties of $315,987.20, for a total liability to the IRS of $1,895,923.20 for the years in question.

E. On June 4, 2013, the Debtors filed their Objection and Motion for a determination that the Debtors and their estate are not liable for the amounts asserted in the SND, the Claim, or any amount, because they incurred numerous "worthless losses" that are subject to deduction pursuant to Internal Revenue Code section 165(a).

F. On June 26, 2013, the IRS filed its *Response to Debtors' Objection to Claim of Internal Revenue Service [Claim No. 58-1] and Motion for an Order Determining Certain Tax Liability of the Estate Pursuant to Section 505(a) of the Bankruptcy Code* [Dkt. No. 384] ("Response"). The IRS contends that the partnership interests from which certain net operating losses arose were not worthless in the years claimed and, therefore, were not allowable losses under 26 U.S.C. 165 in those years.

G. On July 11, 2013, the Parties appeared for an initial hearing before the Court, which was deemed a status conference.

NOW THEREFORE, the Parties have met and conferred and hereby stipulate and agree:

## SCHEDULING ORDER

1. The Parties shall disclose expert witnesses, if any, together with written reports required by Fed. R. Civ. P. 26(a)(2)(B), no later than September 13, 2013. The Parties will thereafter confer regarding any depositions of such experts to be scheduled and completed during the next two weeks, prior to the close of discovery.

2. The Parties shall file cross-motions for summary judgment, including a joint statement of undisputed facts, if possible, by October 10, 2013.

3. The Parties shall complete all discovery, including depositions of any expert witnesses, no later than October 30, 2013.

4. In lieu of privilege logs, and in an effort to minimize delays and unnecessary expense, responding parties may provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail to determine whether there is adequate basis for invoking the privilege or protection. Upon request and if necessary, the responding party will provide a timely privilege log of withheld documents.

5. The Parties may submit direct testimony by declaration prior to trial, subject to the availability of such witnesses for cross-examination in person at trial. All exhibits or documentary support that are proposed as evidence (except those related to rebuttal or impeachment) shall also be submitted at such time.

6. The Parties agree to effectuate service of all pleadings and discovery by email and first class mail.

7. The Parties agree to a pre-trial status conference in mid-November 2013 and a one-day trial to be scheduled in December 2013, subject to the Court's availability and instruction.

8. The schedule set forth herein may be modified by agreement of the Parties with the consent of the Court.

| | | |
|---|---|---|
| Dated: July 10, 2013 | | PACHULSKI STANG ZIEHL & JONES LLP |

By   */s/ Debra Grassgreen*
    Debra Grassgreen
    Attorneys for Debtors

    -and-

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
Minna C. Yang

Dated: July 10, 2013          UNITED STATES ATTORNEY

By   */s/ Cynthia Stier*
    Cynthia Stier
    Assistant United States Attorney
    Tax Division